UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATHEA ADAMS,

    Petitioner,

v.                                                           Case No. 4:19cv44-WS-HTC

WARDEN-FCI TALLAHASSEE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Kathea Adams's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241.  ECF Doc. 6.  The petition challenges the calculation of Adams's federal sentence.  The Government responded in opposition to the petition (ECF Doc. 15), and Adams filed a reply (ECF Doc. 17). The case is referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C § 636 and N.D. Fla. Loc. R. 72.2(B).  After reviewing the parties' submissions, the undersigned recommends Adams's petition be denied because she has not demonstrated she was denied prior custody credit to which she is entitled.

I.      Background[1]

On October 5, 2011, state officials from the Clarke County, Alabama, Sheriff's Office arrested Adams and charged her with attempted murder, possession of a controlled substance, possession of a firearm by a convicted felon and obstructing government operations.  ECF Doc. 15-6 at ¶ 3.  October 28, 2011, a federal grand jury in the U.S. District Court for the Southern District of Alabama indicted Adams for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  *Id.* at ¶ 4.  Adams entered federal custody via a writ of habeas corpus *ad prosequendum* on November 30, 2011; the state of Alabama, however, retained primary custody of Adams due to the pending state charges.  *Id.* at ¶ 5-6.

On April 23, 2012, a federal judge in the Southern District of Alabama sentenced Adams to a 120-month term of imprisonment for the felon in possession charge.  *Id.* at ¶ 7.  At sentencing, the federal judge did not indicate whether the federal sentence should be served concurrent or consecutive to any state sentence. *Id.*

On April 17, 2013, Adams returned to Alabama custody with the federal judgment lodged as a detainer.  *Id.* at ¶ 8.  On May 14, 2013, Adams was sentenced

---

[1] The relevant facts are drawn from the declaration of Bryan Erickson, a Correctional Programs Specialist at the Bureau of Prisons' Designation and Sentence Computation Center.  ECF Doc. 15-6.

in the Clarke County case to a 10-year term of imprisonment for the possession of a controlled substance charge. *Id.* at ¶ 9. However, the state court suspended the 10-year sentence and placed Adams on five (5) years of probation, with the condition that she serve a 20-month term of imprisonment. *Id.* The state court then gave Adams twenty (20) months of jail credit, which resulted in a time-served sentence.[2] *Id.* The remaining state charges were nolle prossed. *Id.* Adams was released to exclusive federal custody on May 30, 2013, to begin serving her federal sentence. *Id.* at ¶ 10.

In this habeas action, Adams challenges the Bureau of Prisons' ("BOP") calculation of her federal sentence, arguing she is entitled to prior custody credit for the time she spent in custody before the imposition of her state sentence on May 14, 2013. ECF Doc. 6 at 9.

II.    Discussion

After a federal court pronounces a sentence, the Attorney General, through the BOP, has the authority to compute and administer the defendant's sentence. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 331-35 (1992) (noting the Attorney General, through the BOP, is responsible for computing prior custody

---

[2] Plaintiff alleges the state court "ruled that the sentence imposed would run concurrent to that of the federal sentence." ECF Doc. 6 at 8.

credit as well as administering sentences for federal offenders).  The federal statute

governing the calculation of a term of imprisonment provides:

> (a) Commencement of Sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time [she] has spent in official detention prior to the date the sentence commences—

> > (1) as a result of the offense for which the sentence was imposed; or

> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. § 3585.

Here, Adams's federal sentence commenced on May 30, 2013, the date she

entered federal custody to begin serving her federal sentence.  ECF Doc. 15-6 at

¶ 11; *see Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 812 (11th Cir.

2011) ("[W]hen the federal government takes possession of a state prisoner pursuant

to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted,

and thus the prisoner's federal sentence does not begin to run until he is turned over

to federal authorities after having served his state sentence.").  The BOP awarded

Adams fifteen (15) days of prior custody credit for the time she spent in state custody

from May 15, 2013, through May 29, 2013. *Id.* at ¶ 12. This 15-day period began

the day after Adams "completed" her state imposed time-served sentence and ended

on the day before Adams entered exclusive federal custody. *Id.* The BOP properly

denied Adams custody credit for any period of detention before May 15, 2013,

because that time was credited toward another sentence—the 20-month sentence

imposed by the Alabama state court.[3] *See Wilson*, 503 U.S. at 337 (In enacting

§ 3585(b), "Congress made clear that a defendant could not receive double credit for

his detention time."); *Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803,

804 (11th Cir. 2006) (noting "a defendant can receive credit for time served only if

the specified time period has not been credited against another sentence").

Nevertheless, Adams's petition and reply challenge the BOP's actions in

several respects. First, she argues the state judge was allowed "to determine whether

her state sentence would run concurrent or consecutive" because "her state case had

not been adjudicated at the time of her federal sentence." ECF Doc. 17 at 1. This is

incorrect. Because Alabama had primary custody of Adams, she completed her state

sentence before her federal sentence began, *United States v. Williams*, 601 F. App'x

685, 688 (10th Cir. 2015) ("[A] prisoner held in primary state custody may be

temporarily transferred to federal custody based on a writ of habeas corpus ad

---

[3] The time from October 5, 2011, the date of Adams's initial arrest by the Clarke County Sheriff's Office, to May 14, 2013, the date the state court sentenced her, is nineteen (19) months and ten (10) days.

prosequendum, and any federal sentence imposed while in temporary federal custody would not normally commence until the state relinquishes its primary custody of the prisoner."), and the state court did not have the authority to compel the BOP to run Adams's federal sentence concurrently with her state sentence. *See Davis v. Coleman-Medium*, 666 F. App'x 802, 803 (11th Cir. 2016) ("The manner in which a state chooses to impose and execute its sentences does not affect the sovereign right of the United States to impose and execute its sentences in the manner deemed appropriate by the federal courts and federal authorities. . . . If a prisoner starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the federal government—whether the district court or the [BOP]—that decides whether he will receive credit for the time served in state custody.") (citations omitted); *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) ("[T]he determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'") (quoting *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)); *Barden v. Keohane*, 921 F.2d 476, 478 n.4 (3rd Cir. 1990) (recognizing that when a state has primary custody of a defendant, "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences

run concurrently"). Thus, any remarks by the state judge regarding Adams's sentences running concurrently does not entitle her to habeas relief.

Next, Adams emphasizes that the judgment in her federal case was silent as to whether her federal sentence should run consecutively or concurrently with the sentence in her state case. ECF Doc. 17 at 1-2. She argues that, in 2014, the BOP improperly contacted the federal judge responsible for sentencing her and asked him whether the sentences should be run concurrently or consecutively. ECF Doc. 6 at 9-10. She claims the federal judge lacked jurisdiction to decide the sentences should run consecutively so long after the pronouncement of her sentence. *Id.*

Adams's argument fails for several reasons. First, when a federal judgment is silent as to how a federal sentence should run with any future state sentence, the presumption is that the sentences will run consecutively. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *United States v. Tubby*, 546 F. App'x 869, 872 (11th Cir. 2013) ("The district court found that the sentencing court's judgment was silent as to whether Tubby's federal sentences should run concurrently to any future state sentence, and, therefore, the BOP properly ran Tubby's federal sentence consecutively to Tubby's state sentence.") (citing 18 U.S.C. § 3584(a)).

Case No. 4:19cv44-WS-HTC

Second, the BOP's inquiry to the federal judge was made to determine whether Adams should receive a *nunc pro tunc* designation, which would have allowed her to receive credit toward her federal sentence for the time she spent in state custody before her May 14, 2013 sentence was imposed. *See* ECF Doc. 15-7 at 3-4; *Tubby*, 546 F. App'x at 871 (The BOP "has the discretion to retroactively designate a state facility as the place for service of a federal sentence. . . . If a defendant is already serving a state sentence, this "*nunc pro tunc*" designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently.") (internal citations omitted). The BOP is allowed to consult the sentencing court to determine whether a *nunc pro tunc* designation is appropriate. *See Davis*, 666 F. App'x at 803 ("In making [a *nunc pro tunc*] determination, the BOP considers, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence, and any relevant departmental policy statement. . . . The BOP must also discern the sentencing court's intent by considering the Judgment and Commitment Order, the court's recommendation of nonfederal confinement in that Order, the court's determination as to whether the sentence should be concurrent or consecutive, the court's indication that it does not object to the nunc pro tunc designation, and the court's indication that it has no objection to the service of the federal and state sentences concurrently.") (citations omitted); *see*

*also* BOP Program Statement 5160.05.  Thus, the BOP's letter to the sentencing judge, and the judge's decision not to recommend a *nunc pro tunc* designation, do not constitute an impermissible modification of Adams's sentence or demonstrate Adams is entitled to habeas relief.

Lastly, Adams argues the federal government should not have removed her from state custody before the imposition of her state sentence.  ECF Doc. 17 at 2-3.  She claims she would have promptly received her time-served sentence from the state court and been able to more quickly complete her federal proceedings and begin serving her federal sentence.  *Id.* at 3.  This argument is meritless as there is no requirement that the federal government let state proceedings finish before beginning the prosecution of a defendant.  It also ignores that the state court imposed a 20-month sentence for the controlled substance violation, which only became a time-served sentence due to the time she had spent in both state and federal custody before her May 14, 2013 sentencing in state court.  To the extent Adams argues she would have received a time-served sentence even if the state court imposed it before the federal sentence was imposed, Adams has presented no evidence to support such an argument.  Because Adams raises a speculative claim without supporting evidence, and the Government has presented convincing evidence that the BOP has calculated Adams's sentence in accordance with applicable law, Adams cannot show entitlement to habeas relief.  *See Hill v. Linahan*, 697 F.2d 1032, 1036 (11th Cir.

1983) ("The burden of proof in a habeas proceeding is always on the petitioner.")

(citing *Henson v. Estelle*, 641 F.2d 250, 253 (5th Cir. 1981)).

Accordingly, it is RECOMMENDED:

1.      That the petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2241 (ECF Doc. 6) be DENIED.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this  22nd day of July, 2019.


                         */s/ Hope Thai Cannon*
                         **HOPE THAI CANNON**
                         **UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.